**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BARBARA K. LETTSOME,<br> Appellant, | DOCKET NUMBER<br>AT-0752-18-0509-I-3 |
| v. | |
| DEPARTMENT OF DEFENSE,<br> Agency. | DATE: October 30, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun C. Southworth, Esquire, Atlanta, Georgia, for the appellant.

Cleora S. Anderson, Smyrna, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal for medical inability to perform essential functions of her position. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant did not establish her claim of disability discrimination because she is not a qualified individual with a disability, and that she failed to establish that her protected activity under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) was the "but for" cause of her removal, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a Management Analyst, GS-09, in the Mission Support Office of the Defense Contract Management Agency. *Lettsome v. Department of Defense*, MSPB Docket No. AT-0752-18-0509-I-3, Appeal File (I-3 AF), Tab 23 at 8. As a Management Analyst, the appellant was responsible for various administrative functions, such as the Government Operated Vehicle (GOV) program, supplies, laptops, mail, and visitor management. Hearing Recording (HR) (testimony of the appellant's first-line supervisor). Three of the position's critical elements included Laptop Management, Management of the GOV Program, and Management of Office Supplies, which included physical aspects such as bending, reaching, lifting, and standing for long periods of time. I-3 AF, Tab 24 at 15-17.

The appellant suffered from several medical conditions, to include bilateral carpal tunnel syndrome, right elbow tendonitis, and cervical neck and lower lumbar back pain, which significantly limited her ability to bend, reach, lift, stand or sit for long periods, push, or pull. I-3 AF, Tab 23 at 69, Tab 24 at 9, 25. As a result of her medical condition, the appellant requested and received several modifications to her duties, which included removing the physical aspects of the supply duties, such as inventory, unpacking and matching the items purchased with the order receipts, stocking the orders, and maintaining the supply room; not driving the GOVs; and being excused from laptop management duties because she was unable to lift the laptops.[2] I-3 AF, Tab 23 at 26, 29, 51, Tab 24 at 23; HR (testimony of the appellant, testimony of the first-line supervisor). With these modifications, the appellant was only ordering supplies, scheduling the GOVs and entering mileage, and scheduling laptops, which represented only a small portion of her position's responsibilities. HR (testimony of the appellant's first-line supervisor).

On June 30, 2017, the agency removed the appellant from her position for medical inability to perform essential duties of the job. I-3 AF, Tab 23 at 8; *Lettsome v. Department of Defense*, MSPB Docket No. AT-0752-18-0509-I-1, Initial Appeal File (IAF), Tab 1 at 94-99. After filing an equal employment opportunity (EEO) complaint alleging disability discrimination, and waiting for over 120 days, she appealed her removal to the Board, asserting, in part, that the removal was due to disability discrimination and in retaliation for her EEO complaint and requests for reasonable accommodation.[3] IAF, Tab 5 at 4-8; I-3 AF, Tab 23 at 6-7, Tab 24 at 26-27.

---

[2] The appellant also received a pullout keyboard holder, an ergonomic chair, a sit-stand desk, and speech recognition software as a reasonable accommodation request. I-3 AF, Tab 23 at 33, 69; HR (testimony of the appellant).

[3] We conducted a search to see if a decision had been issued in the appellant's EEO case, but we were unable to find any case that resembled the appellant's claims.

After holding a hearing, the administrative judge issued a decision affirming the agency's removal action and finding that the appellant failed to establish that her removal was the result of retaliation for protected activity or the result of disability discrimination. I-3 AF, Tab 29, Initial Decision (ID). The appellant has filed a petition for review, arguing that the agency failed to accommodate her and/or delayed her accommodations, that she could perform the essential functions of her job, and that any functions she could not perform were marginal and not essential. Petition for Review (PFR) File, Tab 1 at 5-11. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant cannot establish her disability discrimination claim because she is not a qualified individual with a disability.

The appellant's disability discrimination claim was made on the basis of her disabled status and on the basis of the agency's failure to reasonably accommodate that disability. I-3 AF, Tab 19 at 5-6. On review, she has reiterated her claim that the agency failed to reasonably accommodate her disability and/or delayed her accommodations. PFR File, Tab 1 at 7-8. First, the administrative judge determined that the appellant could not establish a failure to accommodate claim because there was no reasonable accommodation that would have allowed her to perform the essential functions of her position, and there was no vacant position available within her medical restrictions. ID at 17. Then, the administrative judge determined that the appellant failed to present preponderant evidence showing that she was treated differently due to her disability. ID at 19. Although we agree with the administrative judge's conclusion that the appellant failed to establish her claim of disability discrimination on either basis, we deviate from her analysis to find that the appellant cannot establish her disability discrimination claim because she is not a qualified individual with a disability under the ADAAA. *Id*.

The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The standards under the Americans with Disabilities Act (ADA), as amended by the ADAAA, have been incorporated by reference into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Id*.; *see* 29 U.S.C. § 791(f).

In particular, the ADAAA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires," with or without reasonable accommodation. 42 U.S.C. § 12111(8). An employer is required to provide reasonable accommodations to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5). Thus, both a claim of disability discrimination on the basis of the individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28.

The appellant is not a qualified individual because she cannot perform the essential functions of her job with or without reasonable accommodation. The record establishes that she is medically unable to perform essential functions of her position, such as laptop duties and supply duties. HR (testimony of the appellant). Furthermore, there is no evidence that a reasonable accommodation exists that would allow the appellant to perform these duties, as she is medically restricted from lifting, bending, reaching, or long periods of walking or standing, which are necessary for her job. I-3 AF, Tab 24 at 24-25, 64; HR (testimony of the appellant). Additionally, the agency has demonstrated that there was no vacant funded position available for which the appellant was medically qualified,

and she has presented no evidence to contradict this finding. I-3 AF, Tab 23 at 83-106; HR (testimony of the appellant's first-line supervisor).

On review the appellant claims that the agency should have granted her request for a 4-month waiting period recommended by her doctor in a letter drafted after the proposed removal notice. PFR File, Tab 1 at 6-7; I-3 AF, Tab 24 at 4-7, 63-64. We disagree because this request would not have allowed the appellant to perform her essential job functions. Indeed, in that same letter, her doctor stated that the accommodations may assist her in performing duties "not related to heavy lifting, extensive bending, and reaching." I-3 AF, Tab 24 at 64. Thus, even if the 4 months had been granted, the appellant still would have been unable to perform the physical aspects of her job, including supply duties and laptop duties. In fact, the appellant remains restricted in her physical activities and would be unable to perform these duties. HR (testimony of the appellant). Because the appellant is not a qualified individual under the ADAAA, she cannot establish her disability discrimination claims of failure to accommodate or disparate treatment.[4]

The appellant failed to establish that her removal was in retaliation for EEO activity.

The appellant has claimed that her removal was retaliation for filing an EEO complaint that alleged discrimination and harassment involving her disability and for engaging in the reasonable accommodation process. I-3 AF, Tab 19 at 6, Tab 24 at 126-27. These activities are protected under the ADAAA,

---

[4] In support of her disability discrimination claim, the appellant claimed that the deciding official told her that she was faking her disability; however, the administrative judge credited the testimony of the deciding official denying that she made such a statement based upon her character and demeanor at the hearing. ID at 19. On review, the appellant references witness testimony that allegedly supports her claim that the deciding official thought she was faking her disability. PFR File, Tab 1 at 7. First, the Board will defer to the credibility findings of the administrative judge and will not grant a petition for review based on a mere disagreement with those findings. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997). Nevertheless, we agree with administrative judge's note that this fact alone would be insufficient to establish that the appellant's removal was motivated by her disability. ID at 19 n.20.

not Title VII. *Haas*, 2022 MSPB 36, ¶ 32; *Pridgen*, 2022 MSPB 31, ¶ 44. The Board has recognized that a more stringent standard applies in the context of retaliation claims arising under the ADAAA, such that the appellant must prove that her prior EEO activity was the "but for" cause of the retaliation. *Haas*, 2022 MSPB 36, ¶ 31, *Pridgen*, 2022 MSPB 31, ¶¶ 43-47. Furthermore, the appellant has the burden of proving "but for" causation in the first instance; in other words, in an ADAAA retaliation claim, the burden does not shift to the agency. *Pridgen*, 2022 MSPB 31, ¶ 47.

The administrative judge found that the appellant failed to establish her claim of retaliation because the evidence failed to establish that the agency officials had any motive to retaliate against her. ID at 20. While we agree with her conclusion, we clarify that the proper standard to apply in claims involving protected activity under the ADAAA is a "but for" causation standard. However, for the following reasons, the appellant cannot meet even the lesser motivating factor standard, and thus, she does not meet the "but for" standard. The outcome therefore remains the same.

It is undisputed that the appellant filed an EEO complaint in December 2016 on the basis of disability and named the deciding official and the proposing official as responsible management officials. I-3 AF, Tab 24 at 126-27. It is also undisputed that the appellant engaged in the reasonable accommodation process beginning in or around June 2016. *Id*. at 24-25. Additionally, the proposing and deciding official were aware of the appellant's reasonable accommodation requests and her EEO complaint. HR (testimony of the deciding official, testimony of the appellant's first-line supervisor). Thus, within 1 year of engaging in the reasonable accommodation process, and 6 months of filing an EEO complaint naming the proposing and deciding official, the appellant was removed from her position. I-3 AF, Tab 23 at 8. However, absent the timing, there are no other facts in the record that would support a finding of retaliation. Each of the appellant's reasonable accommodation requests were granted, albeit

some items were delayed due to funding issues within the Federal Occupational Health (FOH), a subagency of the Department of Health and Human Services. HR (testimony of the first-line supervisor, testimony of the appellant). There is no evidence in the record of any ambiguous statements or comments that would suggest a retaliatory intent. The appellant presented no comparator evidence, nor is there any in the record. As for the agency's stated reason for the removal, it is worthy of credence, as the record supports the finding that the appellant was medically unable to perform essential job functions.

Therefore, the only indication that the appellant's protected activity was even a factor in the removal is the temporal proximity between the EEO complaint and her removal. However, temporal proximity alone does not establish that the protected activity was a motivating factor, let alone establish that it was the "but for" cause of her removal. Accordingly, the appellant has not established her affirmative defense of retaliation for protected activity.[5]

<u>The appellant has presented no claims on review that would serve as a basis for reversal.</u>

On review, the appellant also claims that the duties that she is admittedly unable to perform are not essential duties, but marginal duties. PFR File, Tab 1 at 8-11. We find that the administrative judge thoroughly analyzed the evidence regarding the essential functions of the appellant's position and came to reasoned, logical conclusions. ID at 9-14. Accordingly, we discern no reason to challenge the administrative judge's findings regarding the agency's charge. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[5] The timing also may have been influenced by FOH's reports, which confirmed that the appellant was unable to perform essential job duties and suggested removal for medical inability. I-3 AF, Tab 24 at 13-14.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.